COOLEY LLP
JOHN C. DWYER (136533) (jdwyer@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:	(415) 693-2000
Facsimile:	(415) 693-2222

STEPHEN RICHARDS (308868) (srichards@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:	(858) 550-6000
Facsimile:	(858) 550-6420

Attorneys for Petitioner
BLOOM ENERGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOOM ENERGY CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>DWIGHT BADGER and KEITH DAUBENSPECK,<br><br>Respondents. | No.<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |

    Petitioner Bloom Energy Corporation ("Bloom") hereby petitions this court pursuant to 9 U.S.C. § 9 for an order confirming the March 16, 2021 arbitral award ("Final Award") of the American Arbitration Association ("AAA") in favor of Bloom against Respondents Dwight Badger and Keith Daubenspeck, AAA Case No. 01-18-0002-7891, and requests that the Court enter judgment thereon.  The Petition is based on the following facts:

## PARTIES

1. Petitioner Bloom is a Delaware corporation with its headquarters and principal place of business at 4353 North First Street, San Jose, California 95134. Bloom provides clean, cost-effective electricity for organizations and communities.

2. Dwight Badger is, on information and belief, a citizen of the State of Montana. Keith Daubenspeck is, on information and belief, a citizen of the State of Illinois. Badger was CEO of Advanced Equities Financial Corp. ("AEFC").[1] Daubenspeck was AEFC's Chairman. AEFC was the parent of Advanced Equities, Inc. ("AEI"), a defunct investment advisory firm.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Petitioner, on the one hand, and Respondents, on the other, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. The Court has personal jurisdiction over Badger and Daubenspeck because the arbitration clauses at issue here do not specify a court in which application for confirmation of the award is to be made, and because the arbitration occurred within this district. 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made in the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction over such party as though he had appeared generally in the proceeding.").

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 9 because the arbitration was held, and the Final Award made, in Santa Clara County, California.

## AGREEMENTS TO ARBITRATE

6. In March 2009, Bloom engaged AEI, led by Badger and Daubenspeck, as its placement agent in an effort to raise capital. In raising money for Bloom, Badger and Daubenspeck made misrepresentations about Bloom's business and prospects to attract potential investors. As a result of these misrepresentations, the United States Securities and Exchange Commission ("SEC")

---

[1] AEFC is no longer a valid corporate entity because its status was revoked by the Illinois Secretary of State on January 11, 2013.

initiated an investigation into AEI's fundraising activities. In 2012, after a three-year investigation, the SEC issued an order banning Badger from working in the securities industry, giving Daubenspeck a similar one-year ban, and imposing significant fines on Badger, Daubenspeck, and AEI. *See* Declaration of Stephen Richards ("Richards Decl.") Ex. A. The SEC took no action against Bloom or its officers.

7.  Following the SEC's order, Bloom fell into a dispute with Badger and Daubenspeck regarding who was responsible for the misrepresentations made to prospective investors. Bloom settled this dispute with Badger and Daubenspeck in June 2014. The settlement was memorialized in a pair of agreements: the "Confidential Agreement" and the "Securities Acquisition Agreement." Richards Decl. Ex. B (CA); Ex. C (SAA). Both the CA and SAA contain provisions requiring the parties to arbitrate future disputes. The CA's arbitration clause reads,

> The Parties agree that any dispute or controversy of any kind between the Parties, whether arising out of, relating to or concerning any interpretation, construction, performance or breach of this Agreement, or any dispute of any kind, shall be settled by confidential arbitration to be held in Santa Clara, California in accordance with the commercial dispute rules then in effect of the American Arbitration Association. The Arbitrator may grant injunctions or other relief in such dispute or controversy. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The Plaintiffs and the Defendants shall each be responsible for one half of the costs and expenses of such arbitration, and each shall separately pay its counsel fees and expenses; provided, however, in the event of a determination by the Arbitrator which is adverse to the Plaintiffs or the Defendants, as the case may be, the non-prevailing Parties shall be responsible for all of the costs and expenses of such arbitration, and for all of the counsel fees and expenses of all Parties relating thereto.

CA ¶ 19.

8.  The SAA's arbitration clause is identical in all important respects. SAA ¶ 5.3.

9.  On July 20, 2018, pursuant to the arbitration clauses in the CA and SAA, Badger and Daubenspeck initiated an arbitration proceeding against Bloom with the American Arbitration Association ("AAA"), alleging, among other things, that they were fraudulently induced into signing the CA and SAA.

10. In May 2019, the AAA appointed a three-member panel of arbitrators to hear the dispute (the "Tribunal"). The Tribunal was comprised of (1) Hiro Aragaki, a professor of law at Loyola Law School, (2) the Honorable Chris Cottle, a retired justice of the California Court of

Appeal, and (3) the Honorable Lesley Green, a retired Los Angeles Superior Court judge.

11. On March 16, 2021,[2] the Tribunal issued a Final Award dismissing Badger and Daubenspeck's claims "with prejudice" and ordering that Badger and Daubenspeck "take nothing on them." Richards Decl. Ex. D. The Final Award also ordered Badger and Daubenspeck to pay Bloom $966,760.31 in attorneys' fees and costs pursuant to the fee-shifting provisions in the CA and SAA's arbitration clauses. *Id.* Badger and Daubenspeck have yet to pay the award.

## CONFIRMATION OF THE AWARD

12. Section 9 of the Federal Arbitration Act provides that a party to an arbitration may apply for an order confirming an arbitration award within one year after such award is made. "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award was made." 9 U.S.C. § 9. A court "must grant such an order unless the award is vacated, modified, or corrected." *Id*. "[J]udicial review of an arbitrator's decision is both limited and highly deferential." *Barnes v. Logan*, 122 F.3d 820, 821 (9th Cir. 1997) (quotation marks and citation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of an arbitral award." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citation omitted). "The confirmation of an arbitration award is meant to be a summary proceeding." *Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold, S.A.R.L.*, 418 F. Supp. 3d 481, 488 (N.D. Cal. 2019).

13. This Court must issue an order confirming the award because (1) sections 5.3 and 19 of the SAA and the CA, respectively, do not identify a specific court for the confirmation of the Final Award; and (2) the Final Award was made in Santa Clara County, California. Furthermore, both agreements state that "[j]udgment may be entered on the Arbitrator's decision in any court having jurisdiction." CA ¶ 19; SAA ¶ 5.3.

14. This petition is made within one year of the date the Final Award, and the Final Award has not been vacated, modified, or corrected. Richards Decl. ¶¶ 4, 6.

15. Bloom reserves the right to seek an additional award of fees and costs against Badger

---

[2] The Final Award was served on the parties on March 17, 2021.

and Daubenspeck should they refuse to comply with the Final Award. Such additional fees and costs are appropriate. "[A]n unjustified refusal to abide by an arbitrator's award" "may equate an act taken in bad faith, vexatiously, or for oppressive reasons" and therefore merit an award of attorneys' fees. *Ministry of Def. and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1104 (9th Cir. 2011) (citation omitted). Such an award "serves to deter unjustified refusals to comply with arbitration awards and to compensate [parties] for the cost of going to court to obtain relief than an arbitrator has already determined is legally owed to them." *Bd. of Trs. of Carpenters Health and Welfare Tr. Fund for Cal. v. Cruz*, No. C-08-01067 CW, 2008 WL 11518471, at *5 (N.D. Cal. July 28, 2008).

## PRAYER FOR RELIEF

Bloom respectfully requests that the Court:

16. Confirm the Final Award and enter judgment in conformity;

17. Award Bloom attorneys' fees and costs in the amount of $966,760.31, as specifically set forth in the Final Award;

18. Award Bloom pre-judgment[3] and post-judgment[4] interest; and

19. Grant any other relief as the Court may deem proper.

Dated: March 26, 2021                     COOLEY LLP

By:   */s/ Jessica Valenzuela Santamaria*
      Jessica Valenzuela Santamaria

Attorneys for Bloom Energy Corporation

---

[3] "State law governs the rate of prejudgment interest on an arbitration award." *Sayta v. Martin*, No. 16-cv-03665-LB, 2018 WL 4373034, at *4 (N.D. Cal. Sept. 12, 2018). "In California, the prejudgment interest rate is 10%." *Id.* (citing Cal. Civ. Code § 3289). "Prejudgment interest in California accrues from the date of the arbitration award." *Id.*

[4] Once judgment issues, if Badger and Daubenspeck do not promptly pay the amount due, Bloom will be entitled to "post-judgment interest at a rate of ten percent per annum." *Fraley v. Travelers Prop. Cas. Co. of Am.*, --- Fed. App'x ----, 2020 WL 7624845, at *2 (9th Cir. Dec. 22, 2020).