COOLEY LLP
JOHN C. DWYER (136533) (jdwyer@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

STEPHEN RICHARDS (308868) (srichards@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Petitioner
BLOOM ENERGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOOM ENERGY CORPORATION,<br><br>        Petitioner,<br><br>    v.<br><br>DWIGHT BADGER and KEITH DAUBENSPECK,<br><br>        Respondents. | No.<br><br>**PETITIONER'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBIT D TO THE DECLARATION OF STEPHEN RICHARDS IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |

I. **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, petitioner Bloom Energy Corporation ("Bloom" or "Petitioner") respectfully moves the Court for an order sealing portions of Exhibit D to the Declaration of Stephen Richards in Support of Bloom's Petition to Confirm Arbitration Award and for Entry of Judgment (the "Richards Declaration"). This motion is supported by the Declaration of Jessica Valenzuela Santamaria and is filed with a proposed order that is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(d).

Bloom seeks to seal portions of a confidential arbitration award (the "Final Award").

Bloom does **not** seek to seal the Final Award in its entirely, and it does **not** seek to seal the pertinent conclusion of the Final Award: *i.e.*, the arbitration tribunal's dismissal of Respondents' claims and award of attorney's fees and costs.  Instead, Bloom seeks to seal only those portions of the Final Award that, due to the limited nature of the Court's review of the Final Award, are not germane to Bloom's petition to confirm the award.

## II.     LEGAL STANDARD

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal:  a "compelling reasons" test for dispositive motions and a "good cause" test for non-dispositive motions.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).  When it comes to non-dispositive motions, "the usual presumption of the public's right of access is rebutted" because documents in support of non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation marks and citation omitted).  The "good cause" standard requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

## III.    ARGUMENT

Here, the "good cause" standard applies to the portions of the Final Award sought to be sealed because those portions are only tangentially related to the merits of this action.  Bloom has petitioned for confirmation of the Final Award.  But judicial review of an arbitration award "is both limited and highly deferential." *Coutee v. Barrington Cap. Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003).  Under the Federal Arbitration Act, "the court ***must***" issue an order confirming an arbitration award "unless the award is vacated, modified, or corrected" as prescribed in sections 10 and 11 of the FAA.  9 U.S.C. § 9 (emphasis added).  "Neither erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of an arbitral award." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citation omitted).  Because of the limited scope of the Court's review, the redacted portions of the Final Award – which set forth (1) the factual background of the parties' dispute, (2) the history of the arbitration itself, and (3) the arbitration

tribunal's reasoning and factual determinations – are all merely tangential to the Court's review of the award itself and need not be publicly disclosed.  *See Kamakana*, 447 F.3d at 1179.

Public disclosure of the entire Final Award also threatens substantial prejudice to Bloom. Bloom and Respondents Dwight Badger and Keith Daubenspeck specifically bargained that their disputes were to be resolved by ***confidential*** arbitration.  Richards Decl. Ex. B ¶ 19 (providing that disputes were to be "settled by confidential arbitration"); *id.* Ex. C ¶ 5.3 (same).  Public disclosure of the full Final Award would therefore deprive Bloom of the benefit of its bargain, and of one of the primary advantages of arbitration: namely, a venue for the expeditious and confidential resolution of disputes.

Disclosure of the entire Final Award would be particularly unjust here in light of the fact that Respondents Badger and Daubenspeck have not yet paid the arbitration tribunal's award against them.  (Richards Decl. ¶ 5.)  They should not be permitted to simultaneously (1) flout the arbitration tribunal's award against them and (2) force the public disclosure of that award in a proceeding brought by Bloom to "obtain relief that an arbitrator has already determined is legally owed" to it, *Bd. of Trs. of Carpenters Health and Welfare Tr. Fund for Cal. v. Cruz*, No. C-08-01067 CW, 2008 WL 11518471, at *5 (N.D. Cal. July 28, 2008).  For that reason, even if the Court were to find that the "compelling reasons" standard applied to Bloom's motion, the redacted portions of the Final Award should still remain sealed.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, [or] promote public scandal[.]" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

//
//
//
//
//
//

## IV. CONCLUSION

For the reasons stated herein, and in the concurrently filed Declaration of Jessica Valenzuela Santamaria, Bloom respectfully requests that the Court permit that the unredacted version of the Final Award be filed under seal. Should the Court deny this motion, Bloom respectfully requests permission to file a renewed motion to seal in accordance with whatever order the Court may enter.

Dated: March 26, 2021               COOLEY LLP

                                    By: /s/ *Jessica Valenzuela Santamaria*
                                            Jessica Valenzuela Santamaria

                                    Attorneys for Bloom Energy Corporation